**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| R. R. Donnelley & Sons Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Hewlett-Packard Co., ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. _____ <br><br> **COMPLAINT** <br><br> (JURY TRIAL DEMANDED) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff R. R. Donnelley & Sons Company ("R. R. Donnelley"), for its Complaint against Defendant Hewlett-Packard Co. ("HP"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*., for infringement of U.S. Patent No. 6,327,599 and U.S. Patent No. 6,205,452 (collectively, "patents-in-suit").

2. On December 4, 2001, United States Patent No. 6,327,599 ("the '599 patent"), entitled "Apparatus for Controlling An Electronic Press To Print Fixed And Variable Information," was duly and legally issued by the United States Patent and Trademark Office to James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is attached hereto as Exhibit A.

3. On March 20, 2001, United States Patent No. 6,205,452 ("the '452 patent"), entitled "Method Of Reproducing Variable Graphics In A Variable Imaging System," was duly and legally issued by the United States Patent and Trademark Office to James L. Warmus, Mark G. Dreyer and Daniel W. Beery. A copy of the '452 patent is attached hereto as Exhibit B.

4. The patents-in-suit were duly and legally assigned to R. R. Donnelley. R. R. Donnelley owns all right, title, and interest in, and to the patents-in-suit.

## THE PARTIES

5. Plaintiff R. R. Donnelley is a Delaware corporation having its principal place of business at 111 South Wacker Drive, Chicago, Illinois 60606.

6. Plaintiff R. R. Donnelley is a global provider of integrated communications. Founded more than 145 years ago, the company works collaboratively with more than 60,000 customers worldwide to develop custom communications solutions that reduce costs, enhance return on investment, and ensure compliance. Drawing on a range of proprietary and commercially available digital and conventional technologies deployed across four continents, the company employs a suite of leading Internet-based capabilities and other resources to provide premedia, printing, logistics and business process outsourcing services to leading clients in virtually every private and public sector.

7. On information and belief, Defendant HP is a Delaware corporation having its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

## JURISDICTION AND VENUE

8. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, for damages and injunctive relief as provided in 35 U.S.C. § 281 and §§ 283-285.

9. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. Personal jurisdiction over HP is proper in this District because HP is qualified to do business in the State of Illinois and may be served by its registered agent at CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Moreover, on information and belief, HP has committed direct and/or indirect acts of patent infringement throughout the State of Illinois, including within the Northern District of Illinois.

11. Venue is proper in this District under 28 U.S.C. §1391(b), (c) and 1400(b) because Defendant has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

12. R. R. Donnelley is the owner of the patents-in-suit, with the right to collect damages for all relevant times, and has the right to prevent others from making,

having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the patents-in-suit with respect to Defendant HP.

    13.  The patents-in-suit claim methods and apparatus for efficiently printing personalized items, such as direct mail pieces and financial statements, that contain both static and variable information. The static information is information that is common to multiple printed pieces, such as a company name and logo on a financial statement. The variable information is information that typically varies from printed piece to piece, such as an individual's name, address and account number, for example. The printing of personalized documents that contain variable information is commonly known as variable data printing. The variable data printing technology developed by Plaintiff enables efficient personalized printing in which text, graphics and images may vary from one printed piece to the next using information from a database, without slowing or stopping a digital print press running at high speeds.

    14.  On information and belief, HP is engaged in the business of making, using, and selling, and causing to be offered for sale and sold within this Judicial District HP, Indigo Presses (collectively, "Indigo Presses"), a line of digital color printing presses.

    15.  On information and belief, HP is engaged in the business of making, using, and selling, and causing to be offered for sale and sold within this Judicial District, HP Color Inkjet Web Presses, including, without limitation, the HP Color Inkjet Web Press ("T300").

    16.  On information and belief, HP is engaged in the business of making, using, and selling, and causing to be offered for sale and sold within this Judicial

District, variable data printing and imposition software tools specifically designed to optimize output from HP Indigo Presses, including, without limitation, the HP SmartStream Designer for Adobe InDesign CS3 ("SmartStream").

17. On information and belief, HP is engaged in the business of making, using, and selling, and causing to be offered for sale and sold within this Judicial District enterprise document automation platforms, including, without limitation, the HP Exstream ("Exstream"). The HP Exstream is designed and marketed to be used in combination with a commercial press, including HP commercial presses.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,327,599)

18. Plaintiff R. R. Donnelley incorporates paragraphs 1 through 17 as though fully set forth herein.

19. On information and belief, the HP SmartStream product, when used in combination with a press (for example an Indigo Press or a T300), comprises a method of controlling an electronic press wherein the press includes a controller responsive to press commands.

20. On information and belief, the HP Exstream product, when used in combination with a press (for example an Indigo Press or a T300 or a digital press of another manufacturer), comprises a method of controlling an electronic press wherein the press includes a controller responsive to press commands.

21. On information and belief, through its products SmartStream and HP Exstream when used in combination with a press, Defendant HP has been and is

infringing at least claim 11 of the '599 patent directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

22. HP has knowledge of the '599 patent, and, on information and belief, intended for its customers to use the HP products identified in paragraphs 19-21 in a manner that infringes the claims of the '599 patent. For example, HP's marketing materials, including specifically, marketing materials for SmartStream and Exstream, promote and explain the infringing capabilities of the accused products and encourage the customer to use the products in an infringing manner.

23. On information and belief, HP's infringement, inducement of infringement and/or contributory infringement of at least claim 11 of the '599 patent has been and continues to be deliberate and willful, and this is an exceptional case pursuant to 35 U.S.C. § 285.

24. Plaintiff has been damaged and will be irreparably injured by HP's continuing infringement of the '599 patent, for which Plaintiff has no adequate remedy at law.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,205,452)

25. Plaintiff R. R. Donnelley incorporates paragraphs 1 through 24 as though fully set forth herein.

26. On information and belief, SmartStream, when used in combination with a press (for example an Indigo Press or a T300), comprises a method of controlling a display device to display variable graphics information in graph format.

27. On information and belief, Exstream, when used in combination with a press (for example an Indigo Press or a T300 or a digital press of another manufacturer), comprises a method of controlling a display device to display variable graphics information in graph format.

28. On information and belief, through its products, including, but not limited to the Indigo Presses and the T300, used in combination with SmartStream or HP Exstream, Defendant HP has been, and is infringing at least claims 1 and 45 of the '452 patent directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

29. On information and belief, HP has knowledge of the '452 patent, and intended for its customers to use the HP products identified in paragraphs 26-28 in a manner that infringes the claims of the '452 patent. For example, HP's marketing materials, including specifically, marketing materials for SmartStream and Exstream, promote and explain the infringing capabilities of the accused products and encourage the customer to use the products in an infringing manner.

30. On information and belief, HP's infringement, inducement of infringement and/or contributory infringement of at least one claim of the '452 patent has been, and continues to be deliberate and willful, and this is an exceptional case pursuant to 35 U.S.C. § 285.

31. Plaintiff has been damaged and will be irreparably injured by HP's continuing infringement of the '452 patent, for which Plaintiff has no adequate remedy at law.

**DEMAND FOR JURY TRIAL**

32. Plaintiff R. R. Donnelley hereby demands a jury trial on all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff R. R. Donnelley requests the following relief:

A. That U.S. Patent Nos. 6,327,599, and 6,205,452 be declared valid and enforceable at law and infringed by HP;

B. That HP, its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with them who receive notice of the injunction, including distributors and customers, be permanently enjoined from any infringement of U.S. Patent Nos. 6,327,599, and 6,205,452, whether it be direct, contributory, or by inducement;

C. That HP be ordered to pay R. R. Donnelley any and all damages plus interest;

D. That the amount of actual damages be trebled by this Court because of the willful and deliberate nature of HP's acts of infringement, as provided for in 35 U.S.C. § 284;

E. That this be adjudged an exceptional case against HP and that R. R. Donnelley be awarded the costs of this action and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

   F. That R. R. Donnelley be awarded such further and additional relief as this Court may deem just, proper, and equitable.

|  |  |
|---|---|
|  | ROPES & GRAY LLP |
|  | Respectfully submitted, |
|  | /s/ Richard T. McCaulley, Jr. |
| Dated: August 31, 2010 | Richard T. McCaulley, Jr.<br>Louis E. Fogel<br>Qasim S. Jami<br>111 South Wacker Drive<br>46th Floor<br>Chicago, IL 60606<br>(312) 845-1200<br>richard.mccaulley@ropesgray.com<br>louis.fogel@ropesgray.com<br>qasim.jami@ropesgray.com |
|  | *Attorneys for Plaintiff,*<br>*R. R. Donnelley & Sons Company* |